United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASFRAN RODRIGUEZ,<br>*Plaintiff*, | § <br>§ <br>§ | |
| v. | § | CIVIL ACTION NO. 4:26-cv-01103 |
| AEGIS SECURITY INSURANCE COMPANY,<br>*Defendant*. | § <br>§ <br>§ | |

**MEMORANDUM AND RECOMMENDATION**

On January 8, 2026, Plaintiff, represented by counsel, filed the instant action against Defendant in the 125th Judicial Court of Harris County, Texas.[1] Over 8 months ago, on February 11, 2026, Defendant timely removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1441(b). ECF 1. The case was set for an initial conference on May 28, 2026. ECF 3. The Court's order setting the conference required Parties to file a Joint Discovery and Case Management Plan ("JDCMP") at least 14 days before the conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. *Id.* Neither party filed a JDCMP. The Court reset the initial conference for July 13, 2026, again requiring Parties to file the JDCMP at least 14 days before the conference. ECF 8. Again, neither party filed the JDCMP. The Court reset the conference a second time to September 14, 2026, ECF 10, and

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 7.

again, no JDCMP was filed. The Court's third resetting scheduled the initial conference for October 19, 2026. ECF 11. When Parties failed to file a JDCMP by the 14-day deadline, the Court canceled the conference and noted it would recommend to the District Judge that this case be dismissed without prejudice for lack of prosecution. ECF 12.

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may be reviewed only for abuse of discretion. *Id.* at 801.

Plaintiff has repeatedly failed to file the JDCMP as required by the Court and pursuant to Federal Rule of Civil Procedure 26(f). Plaintiff has given no explanation for this failure and has made no attempts to comply. In addition, Plaintiff will have 14 days after entry of this Memorandum and Recommendation to object to dismissal and submit the JDCMP.

For these reasons, the Court RECOMMENDS that this case be dismissed without prejudice pursuant to Rule 41(b).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 16, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge